NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ADAM E., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, A.E., *Appellees.*

No. 1 CA-JV 22-0128
FILED 9-22-2022

Appeal from the Superior Court in Maricopa County
No. JD533332
The Honorable Ashley V. Halvorson, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Michelle R. Nimmo
*Counsel for Appellee Department of Child Safety*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

_____

**P E R K I N S**, Judge:

**¶1**          Adam E. ("Father") appeals the superior court's order terminating his parental rights to his son ("Child"). Mother is not a party to this appeal. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2**          Child was born in September 2009. In April 2020, the Department of Child Safety ("DCS") filed a dependency petition, alleging Father's inability to parent due to his incarceration. The Department of Corrections released Father from prison in June 2020. DCS sent Father a letter the following month stating it would provide substance-abuse testing, substance-abuse treatment, and parent aide services. DCS struggled to maintain contact with Father.

**¶3**          In August 2021, DCS moved to terminate Father's parental rights on abandonment and nine months' time-in-care grounds. DCS learned four months later that police arrested Father for aggravated driving under the influence earlier that year. The juvenile court held a two-day contested termination hearing in February and March 2022.

**¶4**          DCS's case specialist testified that DCS offered Father parent aide services and substance-abuse testing, but both services closed his referrals for lack of engagement. The case specialist also testified that Father never sent Child any cards, gifts, or letters, and Father failed to maintain a normal relationship with Child. DCS's case supervisor testified that Father never visited Child after his release from prison.

**¶5**          The juvenile court terminated Father's parental rights on both grounds and found termination was in Child's best interests. Father timely appealed, and we have jurisdiction under A.R.S. §§ 8-235(A) and 12-120.21(A)(1).

## DISCUSSION

**¶6** We review the termination of parental rights for an abuse of discretion. *Titus S. v. Dep't of Child Safety*, 244 Ariz. 365, 369, ¶ 15 (App. 2018).

**¶7** The juvenile court may terminate a parental relationship upon proof of one statutory ground under A.R.S. § 8-533(B) by clear and convincing evidence. *Id.* Parental rights may be terminated if a parent abandons their child. A.R.S. § 8-533(B)(1). Abandonment includes, "the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that the parent has made only minimal efforts to support and communicate with the child." A.R.S. § 8-531(1). The failure of a parent to maintain a "normal parental relationship" for six months is "prima facie evidence of abandonment." *Id.*

**¶8** Father does not dispute the juvenile court's finding that he abandoned Child. He merely challenges whether DCS made reasonable efforts to provide him with reunification services. The record supports the court's finding that Father never had a normal parent-child relationship with Child. DCS therefore was not obligated to provide reunification services when it sought termination on the abandonment ground. *See Toni W. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 61, 66, ¶ 15 (App. 1999) (diligent efforts to provide reunification services are not required in abandonment cases because of the absence of an existing parent-child relationship). We find no abuse of discretion.

## CONCLUSION

**¶9** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA